ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

2006 JUL -7  PM 12: 33

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

CLERK _L. Debider_
SO. DIST. OF GA.

SHANNON DWIGHT HALL,          )
                             )
          Plaintiff,          )
                             )
     vs.                      )          CV 306-037
                             )
STATE OF GEORGIA, JAMES E.    )
DONALD, and TONY WASHINGTON,  )
Warden,                       )
                             )
          Defendants.         )

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate at the Augusta State Medical Prison ("ASMP") in Grovetown,

Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding

*pro se* and *in forma pauperis* ("IFP"). As Plaintiff's complaint was filed IFP, it must be

screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir.

1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404

U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part

thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be

granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I.      BACKGROUND

Plaintiff, a wheelchair-bound inmate, complains that "unsafe conditions" at Johnson

State Prison, his prior place of incarceration, caused him to fall and break his leg. (Doc. no.

1, pp. 6-7.)  Plaintiff explains that, after his fall, he spent three days at a hospital and was

then moved to ASMP. (Id. at 7.) According to Plaintiff, after his arrival at ASMP, he

attempted to file an informal grievance but was told he "would have to file it at Johnson State

Prison." (Id.) Plaintiff complied with these instructions, but his informal grievance was

denied as untimely. (Id.) According to Plaintiff, he then filed a formal grievance which was

also denied as untimely. (Id. at 3.) Plaintiff did not appeal the denial of his formal

grievance. (Id. at 4.)

## II.    DISCUSSION

### A.    Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that

"[n]o action shall be brought with respect to prison conditions under section 1983 of this

title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional

facility until such administrative remedies as are available are exhausted." The PLRA's

mandatory exhaustion requirement applies to all federal claims brought by any inmate.

Porter v. Nussle, 534 U.S. 516, 520 (2002). Furthermore, the Court does not have discretion

to waive the requirement, even if it can be shown that the grievance process is futile or

inadequate. Alexander v. Hawk, 159 F.3d 1231, 1325-26 (11th Cir. 1998).

Moreover, the PLRA "requires proper exhaustion." Woodford v. Ngo, 548 U.S. __,

2006 WL 1698937, at *7 (2006). In order to properly exhaust his claims, a prisoner must

"us[e] all steps" in the administrative process; he must also comply with any administrative

"deadlines and other critical procedural rules" along the way. Id. at *5 (internal quotation

omitted). If a prisoner fails to complete the administrative process or falls short of

compliance with procedural rules governing prisoner grievances, he procedurally defaults his

2

claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005), *cert. denied*, 548 U.S.

__, 2006 WL 1788335 (2006).

Put plainly, "a Georgia prisoner 'must timely meet the deadlines or the good cause

standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, No. 05-

10399, 162 Fed. Appx. 918, 920, 2006 WL 122426, at *2 (11th Cir. Jan. 17, 2006) (quoting

Johnson, 418 F.3d at 1155); see also Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir.

1999)("Since appellant has not sought leave to file an out-of-time grievance, he cannot be

considered to have exhausted his administrative remedies."). Similarly, in order to exhaust

all available administrative remedies, an inmate must pursue an administrative appeal if his

grievance is denied. Moore v. Smith, 18 F. Supp.2d 1360, 1362 (N.D. Ga. 1998).

Here, Petitioner admits that his informal and formal grievances were denied as

untimely, and that he did not appeal the denial of his formal grievance. In this Circuit, "[a]

claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails

to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th

Cir. 1998). Thus, in light of Plaintiff's candid admission that he failed to properly exhaust

administrative remedies, the instant complaint should be dismissed.[1]

### B.    Failure to State a Viable Claim

Furthermore, Plaintiff's complaint does not state a viable § 1983 claim. Plaintiff

---

[1]It should also be noted that this Court has begun to require prisoner plaintiffs to plead exhaustion with specificity and to verify their efforts at exhaustion by attaching written documentation to their complaints. See Ramsey v. Strength, CV 106-034, 2006 WL 1134147, at *2 (S.D. Ga. Apr. 26, 2006); see also Bey v. Johnson, 407 F.3d 801, 805 (6th Cir. 2005); Steele v. Federal Bureau of Prisons, 355 F.3d 1203, 1211 (10th Cir. 2003); Howard v. Henderson, CV 804-312-TEO-TBM, 2006 WL 20511, at *1, 4 (M.D. Fla. Jan. 4, 2006). Plaintiff has not complied with this requirement.

alleges only that his fall was the result of "reckless and negligent" actions by prison officials at Johnson State Prison. (Doc. no. 1, p. 6.) Plaintiff does not complain that he has received inadequate medical care or that he is subject to unconstitutional conditions of confinement at ASMP, his present place of incarceration. Although Plaintiff's contentions may support a state law tort claim, they are insufficient to show the denial of any constitutional right. "Mere negligence does not rise to the level of a constitutional tort required under 42 U.S.C. § 1983." White v. Oklahoma ex rel. Tulsa County Office of Dist. Attorney, 250 F. Supp.2d 1319, 1329 (N.D. Okla. 2002).

To illustrate, only "deliberate indifference" to inmate health or safety amounts to violation of the Eighth Amendment. See, e.g., Farmer v. Brennan, 511 U.S. 825, 834 (1994). Likewise, negligent conduct does not violate the Due Process Clause. See, e.g., Daniels v. Williams, 474 U.S. 327, 328, 332-33 (1986)(negligent conduct causing prisoner to slip and fall did not constitute violation of Due Process Clause). In sum, Plaintiff's allegations regarding an incident of negligent conduct simply do not give rise to a cognizable claim under § 1983. See id. at 333 ("[I]njuries inflicted by governmental negligence are not addressed by the United States Constitution . . . .").

Moreover, Plaintiff names only the State of Georgia, James E. Donald, the Commissioner of the Georgia Department of Corrections, and Tony Washington, the Warden of Johnson State Prison, as Defendants. The State of Georgia is immune from suit under § 1983. See, e.g., Kitchen v. CSX Transp., Inc., 6 F.3d 727, 731 (11th Cir. 1993) ("The state of Georgia is immune to suit for any cause of action unless sovereign immunity is expressly waived by constitutional provision or statute."); see also Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam)(suit against State under § 1983 barred by Eleventh Amendment).

4

In addition, Plaintiff does not explain how Commissioner Donald or Warden Washington had any involvement in or awareness of "unsafe conditions" at Johnson State Prison. Rather, Plaintiff seems to blame these supervisory officials for the acts of their subordinates, without alleging any personal involvement by them. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted, Plaintiff has not alleged that Commissioner Donald or Warden Washington were even aware that conditions at Johnson State Prison were "unsafe," much less that they actually participated in decisions which allegedly caused any "unsafe conditions."

Similarly, Plaintiff fails to allege a "causal connection" between Commissioner Donald or Warden Washington and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[2] puts the responsible

---

[2]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated

supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has proffered no allegations to suggest that Commissioner Donald or Warden Washington knew about any widespread abuse or that they were responsible for a custom or policy which resulted in deliberate indifference to Plaintiff's safety.

In sum, Plaintiff has failed to state a claim upon which relief may be granted against any of the named Defendants.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**.

SO REPORTED and RECOMMENDED this 7th day of July, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

occurrences." Brown, 906 F.2d at 671 (emphasis added).