ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2006 AUG 22 PM 12: 42
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| SHANNON DWIGHT HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 306-037 |
| ) | |
| STATE OF GEORGIA, JAMES E. ) | |
| DONALD, and TONY WASHINGTON, ) | |
| Warden, ) | |
| ) | |
| Defendants. ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the United States Magistrate Judge's Report and Recommendation to which objections have been filed. Plaintiff complains of injuries he sustained when he slipped and fell on a slippery floor on July 7, 2005. (See Compl.) The Magistrate Judge recommended that this case be dismissed for Plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The Magistrate Judge also concluded that Plaintiff had failed to state a claim upon which relief could be granted.

In his objections, Plaintiff argues, in contradictory fashion: (1) the denial of an out-of-time grievance may not be appealed; and (2) he did appeal the denial of his grievance. (See Objs.) In support of his claims, Plaintiff provides informal grievances dated August 24, 2005 and April 18, 2006, which were denied as untimely. Plaintiff also provides a grievance appeal form dated April 21, 2006. Finally, Plaintiff also requests leave to amend his complaint to state a viable claim. The Court resolves the matter as follows.

First, as the Magistrate Judge explained, a prisoner may not satisfy the PLRA's

exhaustion requirement by filing an untimely grievance. (See Report and Recommendation at 2-3 (citing Woodford v. Ngo, 548 U.S. __, 2006 WL 1698937, at *7 (2006) & Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005), *cert. denied*, 548 U.S. __, 2006 WL 1788335 (2006)).) Thus, the issue of whether Plaintiff appealed the denial of his untimely grievances is immaterial. Second, Plaintiff casts no doubt upon the Magistrate Judge's conclusion that Plaintiff's claims fail because: (1) allegations of negligence are insufficient to state a claim under 42 U.S.C. § 1983; (2) the State of Georgia is immune from suit; and (3) *respondeat superior* is not a cognizable basis for imposing liability in § 1983 actions. (Id. at 4-6.) Simply put, Plaintiff provides nothing to contradict the Magistrate Judge's factual findings or his conclusions of law.

Of course, the Court is aware that "'[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, however, Plaintiff neither provides the substance of any proposed amendment nor explains how he could amend his complaint to state a viable claim. At any rate, given Plaintiff's failure to exhaust administrative remedies properly, any amendment would be futile.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Plaintiff's complaint is **DISMISSED** without prejudice, and this case is **CLOSED**.

SO ORDERED this 22nd day of August, 2006, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

2